UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION



| | |
|---|---|
| COMMUNITY SPIRIT BANK, | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. CV97-S-1012-NW |
| COMMUNITY BANCSHARES, INC., | ) |
| Defendant | ) |



MAR 2 0 1998

### MEMORANDUM OF OPINION

This action is before the court on plaintiff's motions to remand (Document No. 12), and to strike defendant's "Sur-Response" (Document No. 17). It is ORDERED that the reference of the motion to remand to the magistrate judge is withdrawn. Also, because the filing of defendant's sur-response was orally authorized by the court, plaintiff's motion to strike is denied.

### I. INTRODUCTION

**A. The Parties**

This declaratory judgment action was filed against Community Bancshares, Inc. by Community Spirit Bank in the Circuit Court of Franklin County. Plaintiff seeks a declaration that its use of the name "Community Spirit Bank" does not infringe upon, or cause any damage to, defendant.

Plaintiff is an Alabama banking corporation with its principal place of business in Franklin County. It previously conducted banking operations under the name "Bank of Red Bay." On or about

March 5, 1997, the Alabama Department of Banking approved plaintiff's application to change its name to "Community Spirit Bank."

Defendant, Community Bancshares, Inc., is a Delaware holding company doing business in Franklin County. It offers banking services through a wholly-owned subsidiary, Community Bank, an Alabama corporation. On or about March 14, 1997, defendant wrote to plaintiff, demanding that it cease using the name "Community Spirit Bank," because such allegedly was too similar to the name and service mark of defendant's subsidiary and would cause confusion among consumers. Defendant claimed in the letter that plaintiff's use of the words "Community Bank" constituted name and service mark infringement and unfair competition in violation of state and federal law. Defendant also sent a letter to the Alabama Department of Banking requesting withdrawal of the approval previously granted the Bank of Red Bay to change its name, due to overlapping markets.[1]

**B.  Plaintiff's Complaint**

Plaintiff requests a judgment pursuant to *Alabama Code* §§ 6-6-220 *et seq.* declaring "that the approvals of the regulatory entities of the State of Alabama entitle the Plaintiff to proceed with conducting business as a state bank under the name of

---

[1] See the March 31, 1997, letter attached to the complaint.

2

'Community Spirit Bank' [and] that such corporate name does not infringe upon or cause any damage to the Defendant."

### C. Defendant's Counterclaim

Defendant included in its answer to the complaint a counterclaim for trademark and trade name infringement and use of false designations of origin, false descriptions, and false representations under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for common law trademark and service mark infringement, for trademark dilution in violation of 15 U.S.C. § 1125(c), for injury to business reputation and trademark dilution in violation of *Alabama Code* § 8-12-17, and for common law unfair competition/passing off.

### D. Removal

This action was removed from state court on April 24, 1997. In its notice of removal, defendant avers plaintiff's complaint relies upon and refers to defendant's March 14 cease-and-desist letter, which accuses plaintiff of trade name and service mark infringement and unfair competition "in violation of both federal and state law."[2] Defendant asserts on the basis of that reference

---

[2] See Complaint ¶ 7, where plaintiff alleges:

> On or about March 14, 1997, Community Bancshares directed correspondence, attached hereto and incorporated herein as Exhibit B, to the attention of Billy M. Bolton as officer for the Plaintiff, demanding for reasons set forth in Exhibit B that Spirit cease and desist from the use of the corporate name "Community Spirit Bank".

The only reference to law in defendant's cease-and-desist letter is found in the

3

that plaintiff's complaint necessarily seeks a declaration that plaintiff's use of the name "Community Spirit Bank" does not infringe defendant's rights under federal law. Defendant accordingly claims the action was removable, because it presents a federal question within the meaning of 28 U.S.C. §§ 1331, 1441.

**E.  Motion to Remand**

Plaintiff contends remand is required because: its complaint does not assert, either directly or impliedly, a claim under federal law; and, in the absence of clear reliance by plaintiff on the Lanham Act in its complaint, the action should remain in state court. Plaintiff also asserts its attachment of a copy of defendant's cease-and-desist letter as an exhibit to the complaint is irrelevant in light of the remand of an infringement case with similar facts: *La Chemise Lacoste v. The Alligator Co.*, 506 F.2d 339 (3d Cir. 1974).

Defendant argues in rebuttal that the genesis of this action was its cease-and-desist letter, which asserted that plaintiff's "use of the words 'Community Bank' constitutes name and service mark infringement and unfair competition in violation of both federal and state law." Defendant maintains plaintiff's reference to that letter in its complaint, and plaintiff's petition for a declaration that its actions have not caused "*any* damage" to

---

fourth sentence of the second paragraph: "use of the words 'Community Bank' constitutes name and service mark infringement and unfair competition in violation of both federal and state law."

4

defendant, is tantamount to seeking a declaration of non-infringement under both federal and state law. Defendant also contends that, because this is a declaratory judgment action, and the positions of the parties are effectively reversed, it is the character of the action threatened by defendant in its cease-and-desist letter that controls when deciding whether federal question jurisdiction exists for purposes of removal. Defendant relies upon *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242-43, 97 L.Ed. 291 (1952), and *Hudson Insurance Co. v. American Electric Corp.*, 957 F.2d 826, 828 (11th Cir. 1992).

In reply, plaintiff asserts the rule for determining the presence of federal question jurisdiction in the context of a declaratory judgment proceeding is applicable only when the action was originally filed in federal court, rather than when the action has been removed to federal court. Again, plaintiff refers to the holding in *La Chemise Lacoste, supra,* to support its contention that this action is due to be remanded, despite all arguments posited by defendant, including the "threatened action" test set out in dicta in *Public Service Commission v. Wycoff Co.* Plaintiff also reasserts that it has not invoked federal law on the face of its complaint.

In sur-response, defendant argues that in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16-19, 103 S.Ct. 2841, 2849-51, 77 L.Ed.2d 420 (1983), the Supreme Court cited

*Wycoff* and its standard with approval, and refused to draw a distinction between declaratory judgment actions filed in state court *versus* those initiated in federal court for purposes of determining the existence of federal question jurisdiction.

## II. DISCUSSION

Removal of this action to federal court is proper only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). Under the well-pleaded complaint rule, a court must look to the face of the complaint to determine whether a claim "arises under" federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A plaintiff may avoid federal jurisdiction by "exclusive reliance on state law." *Id.* Removal jurisdiction is not present simply because the plaintiff could have asserted a federal claim instead of, or in addition to, the state claims presented. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S. Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). The general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430.[3] In deciding

---

[3] An exception to the well-pleaded complaint rule exists if the area of the state law claim asserted in the complaint has been "completely preempted" by federal law. *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430. The Supreme Court has found "complete preemption" of state law claims only in relation to the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974. *See Avco Corporation v. Aero Lodge No. 735*, 390 U.S. 557, 88 S. Ct. 1235, 20 L.Ed.2d 126 (1968); *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 95 L.Ed.2d 55 (1987). Complete preemption

6

a motion to remand where the parties disagree on the presence of federal jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S at 813, 106 S.Ct. at 3234. Whether federal question jurisdiction is indeed present depends on the necessity of resolving a substantial question of federal law. *Franchise Tax Board of California,* 463 U.S. at 27-28, 103 S.Ct. at 2856; *Christianson v. Colt Industries Operating Corporation*, 486 U.S. 800, 808, 108 S. Ct. 2166, 2173-74, 100 L.Ed.2d 811 (1988).

In the context of trade name infringement, unfair competition, and other such claims as made by the parties herein, it is recognized that both state and federal common law and statutes offer remedies. There have been numerous cases discussing whether federal question jurisdiction exists when the plaintiff refers only to state law in its complaint, or makes no reference to state or federal law. One of the cases frequently cited when addressing that issue is *La Chemise Lacoste v. The Alligator Co., supra.* There, the plaintiff filed a declaratory judgment action in state

---

also has been found in the context of claims relating to Native American lands or law.

7

court, seeking a declaration of ownership and the right to use a crocodile emblem as a trademark. The complaint made no reference to the Lanham Act or any other statute. The action was initiated in response to defendant's threat of federal coercive action for plaintiff's use of a crocodile emblem as a trademark for toiletries, however. Therefore, defendant asserted Lacoste had filed an action arising under federal law, for purposes of 28 U.S.C. § 1331, and removed the action to federal court. The Alligator Company pointed to Lacoste's complaint allegation that defendant had threatened suit under the Lanham Act as support for its assertion of federal question jurisdiction. The district court, in denying Lacoste's motion to remand, cited *Public Service Commission v. Wycoff* as authority for the proposition that, to determine whether a declaratory judgment action raises a federal question, the court must look to the cause of action threatened by the defendant; if the threatened action involves a federal law claim, federal question jurisdiction exists. *La Chemise Lacoste v. Alligator Co.*, 313 F. Supp. 915, 917-18 (D. Del. 1970).

The Third Circuit rejected the district court's reasoning. It distinguished *Wycoff* on the basis, among others, that the declaratory judgment proceeding at issue in *Wycoff* had been originally filed in federal court rather than removed there from a state court.

> First, any evaluation of the dictum in *Public Service Commission v. Wycoff*, 344 U.S. 237, 73

8

> S.Ct. 236, 97 L.Ed. 291 (1952), must proceed from the threshold understanding that the declaratory judgment proceeding there was federal; it was not a state declaratory proceeding removed to a district court. Thus the precise *Wycoff* dictum refers to an action originating in the federal court: "Where the complaint in an action for (federal) declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Ibid.* at 248, 73 S.Ct. at 242.

*La Chemise Lacoste*, 506 F.2d at 343. The court went on to find that plaintiff's complaint was: bottomed on state law; did not "arise under" federal law, despite the defendant's threatened federal court action; and was not preempted by the Lanham Act. It ordered that the action be remanded to state court. *La Chemise Lacoste*, 506 F.2d at 343-47.

Since the Third Circuit's persuasive opinion in *La Chemise Lacoste*, complaints of trademark or trade name infringement or dilution - regardless of whether the complaint alleged infringement by the defendant, or sought a declaratory judgment that the plaintiff was not infringing defendant's mark/name - are almost unanimously considered not to present a federal question. This is true whether the plaintiff relies solely on state law in its complaint, or simply fails to specify the common law or statute under which the claims were made. Such cases have been remanded to state court, almost without exception.

9

For example, in *Commercial Savings Bank v. Commercial Federal Bank*, 939 F. Supp. 674 (N.D. Iowa 1996), a case with facts very similar to the present action, the plaintiff bank brought a common law trademark infringement action. Defendants removed the action to federal court, asserting plaintiff's right to relief raised and depended on federal trademark law, and that the "real nature" of the claims was therefore federal. The district court found the plaintiff's claim was not on its face federal, and did not necessarily depend on the resolution of a substantial question of federal law. 939 F. Supp. at 681. It also cited cases holding that the mere implication of federal trademark law in a case is insufficient to confer federal question jurisdiction, as is a claim by defendant of preemption by the Lanham Act. *Id.* at 683-84. *See also The Vision Center v. Opticks, Inc.*, 596 F.2d 111, 114-15 (5th Cir. 1979)[4]; *Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996); *Connors v. Malik*, 1997 WL 694732 (W.D. Pa. November 3, 1997); *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 993 (D.N.J. 1996)[5]; *1st National Reserve, L.C. v. Vaughan*, 931 F. Supp. 463

---

[4] "Because removal to federal court was premised entirely upon diversity of citizenship, we look to state substantive law in assessing the merits of both the trade name infringement and unfair competition claims. The fact that Opticks' Lanham Act registration may be a defense to a state trade name infringement claim affords no basis for original federal question jurisdiction. *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3rd Cir. 1974)."

[5] "In the instant matter, Cyrix did not cite any cases which were properly removed from state court to Federal court on the basis of a federally registered trademark or one that was used in interstate commerce. The Lanham Act does not have a preemptive effect over state regulation of trademark law. *See Colonial*

10

(E.D. Tex. 1996) (unfair competition); *Emerson Power Transmission Corp. v. Roller Bearing Corporation of America, Inc.*, 922 F. Supp. 1306 (N.D. Ind. 1996); *F.W. Myers and Company, Inc. v. World Projects International, Inc.*, 903 F. Supp. 353 (N.D.N.Y. 1995); *Deats v. Joseph Swantak, Inc.*, 619 F. Supp. 973, 980 (N.D.N.Y. 1985)[6]; *Johnny's Pizza House, Inc. v. G&H Properties, Inc.*, 524 F.

---

*Penn Group, Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 237 (1st Cir.1987); *La Chemise Lacoste*, 506 F.2d at 345 (1974); *Gardner v. Clark Oil & Refining Corp.*, 383 F.Supp. 151 (E.D.Wis. 1974); *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F.Supp. 1351, 1353 (W.D.Wis. 1973). Accordingly, where a plaintiff does not clearly state relief under the Lanham Act, removal is not proper. *Id.*; see also *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 963 (2d Cir. 1981)."

[6] The court in *Deats* stated:

> More recently, in *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960 (2d Cir.1981), the court also was faced with a trademark infringement claim which was not explicitly pleaded as one arising under federal law. After reiterating the general rule that the plaintiff is master of his pleading, the court cited with approval the *La Chemise Lacoste v. The Alligator Company, Inc.* case, recognizing that "it frequently has been held that a plaintiff alleging facts that would support a claim founded upon either federal or state law is free to confine his claim to one based on state law and proceed in state court." 644 F.2d at 964. The court went on to reaffirm its understanding of *Beech-Nut* as set forth in *Mushroom Makers*, explaining that *Beech-Nut* did not permit removal of state law claims of trademark infringement. Rather, removal could be had only upon a complaint which in fact pleaded federal claims. 644 F.2d at 964 n. 2. The rationale for this reasoning is clear: if the mere pleading of a claim that may be characterized as either federal or state is sufficient to allow federal removal jurisdiction, the pleading of any cause of action for which the elements of both a federal or state claim are identical would always be subject to removal, notwithstanding a plaintiff's desire and intent to plead only a state claim. Such an outcome would run contrary to the well-established principle that "the party who brings a suit is master to decide what law he will rely upon." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33

11

Supp. 495 (W.D. La. 1981); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 208 U.S.P.Q. 824 (S.D.N.Y. 1980) (state claim for trademark dilution does not necessarily involve a likelihood of confusion or unfair competition under the Lanham Act so that the case is remanded to state court).

While Defendant argues *Wycoff* requires a finding that this case arises under federal law, a close reading of *Wycoff*, in light of the discussion of *Wycoff* in *Braniff International, Inc. v. Florida Public Service Commission*, 576 F.2d 1100 (5th Cir. 1978), indicates the mere fact that this is a declaratory judgment action does not alter the outcome. Defendant has cited *Hudson Insurance Co. v. American Electric Corp*, 957 F.2d 826 (11th Cir. 1992), for the proposition that its implied threat of suit under the Lanham Act supplies the requisite federal question jurisdiction in this declaratory judgment action. However, that case does not dictate denial of the motion to remand. In *Hudson*, an insurer sought a declaration in federal court that it was not liable to its insured for a claim for costs incurred by the Environmental Protection Agency. The case was dismissed for lack of federal question

---

S.Ct. 410, 411, 57 L.Ed. 716 (1913). Because plaintiff clearly pleaded state trademark claims here, this Court concludes that those claims provided no justifiable basis for removal of this action by defendants. In short, "[t]he fact that the court may find the existence of a cause of action based on the Lanham Act does not bar granting plaintiff's motion to remand." *Cue Publishing Co. v. Colgate-Palmolive Co.*, 233 F.Supp. 443, 444 (S.D.N.Y. 1964).

12

jurisdiction after it was determined the cause of action threatened by the insured arose under state law despite the involvement of the federal Comprehensive Environmental Response, Compensation, and Liability Act. The court reasoned that resolution of the issues would not require resolution of substantial questions of federal law, and the cause of action had no preemptive federal counterpart. The federal issues raised by the plaintiff's complaint were considered potential defenses only. In the present action, resolution of the issues raised in the complaint of Community Spirit Bank does not require resolution of substantial issues of federal law, and the federal counterparts to the state law actions are not preemptive in effect. Further, the *Hudson* case was filed in federal court, rather than, as here, being removed from state court. In the removal context, any doubt about the existence of federal question jurisdiction must be resolved in favor of remand.

Defendant also points to the cease-and-desist letter attached to the complaint to support its claim of federal question jurisdiction. This argument is without merit. As in *La Chemise Lacoste*, where the plaintiff alleged defendant had threatened suit under the Lanham Act, the mere reference to the threat of federal court action does not establish the requisite jurisdiction. In the present action, plaintiff seeks declaratory relief under state statutes. It makes no reference to federal law in its complaint.

13

### III. CONCLUSION

Based on the authority discussed above, the court concludes that this action does not arise under federal law, and is due to be remanded for lack of subject matter jurisdiction. An appropriate order consistent with this memorandum of opinion shall be entered contemporaneously herewith.

DONE this ___19th___ day of March, 1998.

                                       *[signature]*
                                  United States District Judge